IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01071-ZLW

HOWELL FRANKLIN ROBERTS, III,

  Plaintiff,

v.

MICA SIMPLEMAN, Individual Capacity, Acting Parole Officer,
JOE WHITE, Individual Capacity, Acting Parole Officer Supervisor,
CELESTE M. CDEBACA, Individual Capacity, Acting A.H.O.,
JAMES W. DIXON, Individual Capacity, Acting Denver Police Officer,
RYAN McGINTY, Individual Capacity, Acting Denver Police Detective,
VERNE VINCENT, Individual Capacity, Acting Parole Board Member,
DEBORAH ALLEN, Individual Capacity, Acting Parole Board Member, and
CHRISTINE MOSCHETTI, Individual Capacity, Acting Time Comp Manager,,

  Defendants.

---

ORDER DENYING MOTION TO VACATE OR AMEND
ORDER AND JUDGMENT PURSUANT TO Fed. R. Civ. P. 59(e)

---

This matter is before the Court on the *pro se* motion titled "Motion to Vacate or Amend the Order and Judgement [sic] of Dismissal Pursuant to Fed Civ. Rule # 59(e)," filed by Plaintiff Howell Franklin Roberts, III, on July 18, 2007. Mr. Roberts currently is detained at the Denver County Jail in Denver, Colorado. Plaintiff seeks reconsideration of the July 6, 2007, Order that dismissed his Prisoner Complaint.

The Court must construe the Motion liberally because Mr. Roberts is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, for the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The July 6, 2007, Order dismissed the Complaint and action, and entered judgment in favor of Defendants and against Plaintiff. The instant Motion to Vacate was filed on July 18, 2007. Plaintiff has filed the Motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

The Court finds, however, that Mr. Roberts fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

The Court dismissed the Complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The reasons for the dismissal are explained in greater detail in the July 6, 2007, Order. In the Motion to Vacate, Mr. Roberts asserts that because he no longer is incarcerated for the parole revocation that he is challenging he is not able to proceed with a habeas corpus action to invalidate the alleged illegal revocation. He, therefore, contends, relying on *Spencer v. Kemma*, 523 U.S. 1 (1998), that his only avenue to obtain relief is to file an action under 42 U.S.C. § 1983.

Mr. Roberts' reliance on *Spencer* is misplaced. Plaintiff may seek relief under § 1983 for use of the wrong procedures as long the procedural defect does not necessarily imply the invalidity of the revocation. *Spencer*, 523 U.S. at 988 (citing *Heck*, 512 U.S. at 482-83). In Plaintiff's case, a finding that the wrong procedures were used in his revocation would imply the invalidity of his parole revocation. Furthermore, a § 1983 action for damages is not always and everywhere available. *Id.* Accordingly, it is

ORDERED that the Motion to Vacate or Amend the Order and Judgment of Dismissal Pursuant to Fed. R. Civ. P. 59(e), (Doc. No. 11), filed by Plaintiff on July 18, 2007, is denied.

DATED at Denver, Colorado, this ___1___ day of _____Aug_____, 2007.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01071-BNB

Howell F. Roberts, III
Prisoner No. 1538268
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8\1\7

GREGORY C. LANGHAM, CLERK

By: _angie_
Deputy Clerk